UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER CRAIG SPRAGGINS,

    Plaintiff,

v.                             Case No. 3:14cv478/MCR/CJK

THE STATE OF FLORIDA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's fourth amended civil rights complaint filed under 42 U.S.C. § 1983 (doc. 17). Plaintiff names five defendants in the action – the State of Florida; Walton County, Florida; City of Freeport, Florida; Hammock Bay Community Development District; and Jay Odom. Plaintiff's fourth amended complaint, like his three prior complaints, is rambling, convoluted, and difficult to decipher. It appears, however, the claims stem from a dispute regarding ownership interests in real property located in Walton County, Florida. Specifically, plaintiff references the Public Lands Survey System and land patents. He also

repeatedly references – and attempts to give the history of – the "American Social Contract."  Despite four opportunities to state a viable claim, utilizing plain and concise language, plaintiff has been unable to do so.

Title 28 U.S.C. § 1915 mandates that the district court dismiss a civil rights complaint if the complaint: 1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or 2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint

Case No. 3:14cv478-MCR-CJK

must be dismissed" for failure to state a claim). A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Here, plaintiff has wholly failed to demonstrate this court has jurisdiction over any of the claims he appears to advance. Indeed, he has established neither diversity nor subject matter jurisdiction. He alleges damages "in excess of $75.00," incurred both by himself and "others in the Plaintiff's community."[1] He makes no allegations regarding citizenship, although it appears diversity is lacking. *See, e.g., Crook-Petite-El v. Bumble Bee Seafoods L.L.C.,* 502 F. App'x 886, 887 (11th Cir. 2012) ("In regard to diversity jurisdiction, pursuant to 28 U.S.C. § 1332, a district court has jurisdiction over all civil actions where (1) the amount in controversy exceeds $75,000, and (2) each defendant is a citizen of a state different from each plaintiff."). Plaintiff also has failed to plead facts demonstrating federal question jurisdiction under 28 U.S.C. § 1331. Although he references a "federal-question," he

---

[1] Plaintiff does not have standing to assert claims on behalf of other members of his community.

Case No. 3:14cv478-MCR-CJK

"claims a civil breach of . . . contract" and otherwise fails to plead facts supporting a viable federal claim.

Not only has plaintiff failed to plead facts establishing jurisdiction in this court, he also fails to identify a single defendant in the body of his complaint. In fact, it is not at all clear what role plaintiff says any putative defendant, named in the heading, played in the matter.[2] He complains of having been unlawfully assessed property taxes for twenty-three years, yet he does not identify a single piece of property on which he was taxed. And he bases his claims on his alleged status as a "intended beneficiary of the American Social Contract," but he has wholly failed to state a breach of contract claim. S*ee, e.g., Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1338 (11th Cir. 2015) ("Under Florida law, to succeed as a third party beneficiary on a breach of contract claim, the plaintiff must prove "(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach."). In any event, the undersigned understands that the Social Contract is a implied agreement among the governed, concerning the legitimate authority and

---

[2] Plaintiff provides no identifying information as to one of the defendants – Jay Odom.

Case No. 3:14cv478-MCR-CJK

limitations of government, and not a business deal.

Finally, plaintiff has not alleged facts to support a § 1983 claim against the governmental defendants.  As the Supreme Court explained, "a governmental entity is liable under § 1983 only when the entity itself is a '"moving force"' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."  *Graham*, 473 U.S. at 166 (internal citations omitted); *see also Faulkner*, 523 F. App'x at 701 ("To hold a county liable, a plaintiff must show that (1) his constitutional rights were violated; (2) the county had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.") (internal marks omitted).  Plaintiff has not identified any custom or policy of the State of Florida, Walton County, or City of Freeport, much less one that resulted in an alleged constitutional violation.

The undersigned has significant experience in interpreting pleadings filed by *pro se* litigants, and he and his staff make every effort to review and understand the pleadings of *pro se* litigants.  Nevertheless, the present complaint can only be liberally characterized as lacking in any suggestion that a claim might appear on its face or be lurking elsewhere.  Plaintiff has had four opportunities to state an

Case No. 3:14cv478-MCR-CJK

actionable claim.  He has failed to do so, and it has become clear he will be unable to do so.

Accordingly, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for plaintiff's failure to state a claim upon which relief can be granted.

2.   That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of November, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:14cv478-MCR-CJK